IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-01970-WJM-NRN

ERIC ADAMS,

Plaintiff,

v.

UNITED STATES,

Defendant.

---

**REPORT AND RECOMMENDATION ON
DEFENDANT'S MOTION TO DISMISS (Dkt. #31)
and
PLAINTIFF'S MOTION TO AMEND COMPLAINT (Dkt. #42)**

---

**N. REID NEUREITER**
**United States Magistrate Judge**

This prison civil rights case is before the Court pursuant to Orders (Dkt. ##32 & 48) issued by Judge William J. Martinez referring two motions:

- Defendant the United States of America's ("Defendant") Motion to Dismiss. (Dkt. #31.) Plaintiff Eric Adams filed a response (Dkt. #40), and Defendant filed a reply. (Dkt. #42.)[1]

- Plaintiff's Motion to Amend Complaint ("Motion to Amend") (Dkt. #47), to which no response was filed.

The Court heard hearing on the Motion to Dismiss on May 11, 2022 (see Dkt. #44) and has taken judicial notice of the docket and considered the applicable Federal

---

[1] Mr. Adams also filed a sur-reply (see Dkt. #45) and a "Memorandum in Support of Plaintiff[']s Response to Defendants['] Motion Under 12(b)(1) and (6)" (see Dkt. #50), but the Federal Rules of Civil Procedure do not contemplate the filing of a sur-reply as a matter of right and Mr. Adams did not seek, and was not granted, leave to file either sur-reply. Accordingly, the Court will not consider them.

Rules of Civil Procedure and case law. Now, being fully informed and for the reasons discussed below, the Court makes the following recommendations.

## BACKGROUND[2]

Mr. Adams, proceeding pro se,[3] initiated this lawsuit on July 19, 2021. In his Prisoner Complaint (Dkt. #1), Mr. Adams generally alleges that Bureau of Prisons ("BOP") staff has been tampering with his food trays since at least 1994, which caused Mr. Adams to suffer from various maladies. Relevant to this lawsuit, Mr. Adams alleges that in 2020, he was given a paper spoon with a gray liquid on it, which Mr. Adams believes to be mercury. On another occasion, Mr. Adams discovered a "small piece of wire" in his beans. Mr. Adams asserts one claim for relief against Defendant under the Federal Tort Claims Act ("FTCA"). Mr. Adams' FTCA claim is based, at least in part, on a Colorado law which prohibits the delivery of any food that is adulterated. *See* Colo. Colo. Rev. Stat. § 25-5-403(1)(a).

---

[2] All citations to docketed materials are to the page number in the CM/ECF header, which sometimes differs from a document's internal pagination.

[3] Because Mr. Adams proceeds pro se, the Court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). However, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). *See also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues"). A plaintiff's pro se status does not entitle him to an application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

Defendant moves to dismiss the Prisoner Complaint. Defendant argues that the United States has not waved sovereign immunity for intentional torts arising out of battery. Defendant also argues that portions of Mr. Adams' claims are barred by the statute of limitations, and that the state law Mr. Adams appears to rely on does not contemplate a private right of action.

After briefing was completed and a hearing was held on the Motion to Dismiss, Mr. Adams filed his Motion to Amend. The only amendments he seeks to make is to up his claim for compensatory damages from $400,000 to $10,000,000 and request a transfer to a different BOP facility.

## LEGAL STANDARDS

### Rule 12(b)(1)

"Federal courts are courts of limited jurisdiction; they are empowered to hear only those cases authorized and defined in the Constitution which have been entrusted to them under a jurisdictional grant by Congress." *Henry v. Off. of Thrift Supervision*, 43 F.3d 507, 511 (10th Cir. 1994). "[T]he party invoking federal jurisdiction," generally the plaintiff, "bears the burden of establishing its existence." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 104 (1998). Rule 12(b)(1) allows defendants to raise the defense of the court's "lack of subject-matter jurisdiction" by motion. Fed. R. Civ. P. 12(b)(1).

Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction "generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based." *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002).

A facial attack like the one here "questions the sufficiency of the complaint," and when "reviewing a facial attack . . . a district court must accept the allegations in the complaint as true." *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995) *abrogated on other grounds by Cent. Green Co. v. United States*, 531 U.S. 425, 437 (2001).

### Rule 12(b)(6)

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move for dismissal if the complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, the complaint "must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This pleading standard does not impose a probability requirement, but it demands "more than a sheer possibility that a defendant has acted unlawfully." *Id*. Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not suffice. *Twombly*, 550 U.S. at 555. Although the Court must accept the truth of all properly alleged facts and draw all reasonable inferences in the plaintiff's favor, the plaintiff still "must nudge the claim across the line from conceivable or speculative to plausible." *Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021).

## ANALYSIS

### Statute of Limitations

An FTCA claim against the Federal Government must be "presented in writing to the appropriate Federal agency within two years after such claim accrues." 28 U.S.C. § 2401(b). In the Tenth Circuit, the general rule for accrual of an FTCA claim outside the

medical malpractice context is the "injury-occurrence rule": an FTCA tort claim accrues on the date of the injury's occurrence. *Plaza Speedway Inc. v. United States*, 311 F.3d 1262, 1267–68 (10th Cir.2002). A different rule, the discovery rule, applies only in the "exceptional case" where a reasonably diligent plaintiff could not immediately know of the injury and its cause. *Id.* at 1268. In that instance, an FTCA claim accrues at the time when a reasonably diligent plaintiff would have known of the injury and its cause. *Id.* at 1267. Although timeliness is an affirmative defense, *see* Fed. R. Civ. P. 8(c)(1), "[i]f the allegations . . . show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim." *Jones v. Bock*, 549 U.S. 199, 215 (2007).

Many of the events described in the Prisoner Complaint occurred years, if not decades ago. Any claim based on these events is barred. The only allegations that survive the statute of limitations are those described by the Court above.

Mr. Adams argues that the statute of limitations should be equitably tolled. *See United States v. Kwai Fun Wong*, 575 U.S. 402, 420 (2015) ("[T]he FTCA's time bars are nonjurisdictional and subject to equitable tolling."). The Court disagrees. "[U]nder 'long-settled equitable-tolling principles[,]' '[g]enerally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way.'" *Barnes v. United States*, 776 F.3d 1134, 1150 (10th Cir. 2015) (quoting *Credit Suisse Sec. (USA) LLC v. Simmonds*, 566 U.S. 221, 227 (2012)). Mr. Adams makes no showing that "extraordinary circumstances" prevented him from filing an FTCA action. He has been aware of the alleged tampering with his food trays for at least ten years. Indeed, as the

5

government outlines in its Motion to Dismiss, Mr. Adams has filed several lawsuits alleging food tampering, including one brought pursuant to the FTCA. (*See* Dkt. #31 at 2–4.) Equitable tolling therefore does not apply.

The continuing tort doctrine likewise does not apply. Under the continuing tort doctrine, "where a tort involves a continuing or repeated injury, the cause of action accrues at, and limitations begin to run from, the date of the last injury." *Maston v. Burlington N. Santa Fe R.R.*, 240 F.3d 1233, 1237 (10th Cir. 2001) (citation and internal quotation marks omitted); *see also Syms v. Olin Corp.*, 408 F.3d 95, 108 (2d Cir. 2005) ("The continuing tort doctrine is based on the idea that certain torts continually give rise to new causes of action, which can be brought notwithstanding the expiration of the limitations period for prior causes of action."); *Flowers v. Carville*, 310 F.3d 1118, 1126 (9th Cir. 2002) (holding continuing tort doctrine didn't apply to plaintiff's defamation claim because the book's publication constituted a single incident causing the harm). "If the tortious conduct has continued, the cause of action continues to accrue, and a plaintiff employing the continuing tort doctrine can recover for injuries sustained within the limitations period, *but not for injuries for which the limitations period has expired*." *Barroca v. United States*, No. 19-2688-DDC-TJJ, 2021 WL 274505, at *18 (D. Kan. Jan. 27, 2021) (emphasis added). This is so because "[c]ontinuing torts do not avoid the statute of limitations; rather, such torts remain timely not because the limitations period is tolled but because the cause of action continues to accrue." *Hoery v. United States*, 324 F.3d 1220, 1222, 1224 (10th Cir. 2003).

The doctrine does not apply "where the plaintiff's injury is definite and discoverable, and nothing prevented the plaintiff from coming forward to seek redress."

6

*Barroca*, 2021 WL 274505, at *10 (citation omitted). Here, the discrete intentional acts of food tampering described in Prisoner Complaint allegedly resulted in definite and discoverable injuries. Any reliance on the continuing tort doctrine is therefore misplaced.

**Sovereign Immunity**

The FTCA waives the sovereign immunity of the United States and allows it to be sued for certain torts. 28 U.S.C. § 2674. Assault and battery are not among them. *See* 28 U.S.C. § 2680(h) ("The provisions of [the FTCA] shall not apply to . . . [a]ny claim arising out of assault, battery . . . .") Under the intentional tort exception, the federal government and its employees are immune from suits asserting assault and battery claims. *Id.*

Here, Mr. Adams' claim arises out of assault or battery. Under Colorado law, Assault and battery are separate but similar torts, with similar elements. To prove assault, a plaintiff must establish that: (1) the defendant acted either with the intent of making a contact with the person of the plaintiff or with the intent of putting the plaintiff in apprehension of such a contact; (2) the plaintiff was placed in apprehension of an imminent contact with his or her person by the conduct of the defendant; and (3) such contact was or appeared to be harmful or offensive. *Sandoval v. Martinez-Barnish*, No. 09-cv-02434-WJM-MJW, 2012 WL 2871667, at *4 (D. Colo. July 12, 2012 (citing *Adams v. Corr. Corp. of Am* ., 187 P.3d 1190, 1198 (Colo. App. 2008) "The elements of battery are similar, except that the contact must have actually resulted." *Id.* In the Prisoner Complaint, Mr. Adams alleges he has suffered numerous ailments "as a result of the government's ongoing intentional acts of tampering with [his] food trays." (Dkt. #1 at 1 at 24 (extraneous commas omitted).) Thus, battery would apply if Mr. Adams had ingested

the adulterated food, assault if he did not. (It is not entirely clear which from the pleading.)

Mr. Adams argues in his response, incoherently but at length, that he is not actually bringing an intentional tort claim, but one for negligence. However, the Prisoner Complaint, even read liberally, does not bring a claim for negligence, and "plaintiffs may not effectively amend their Complaint by alleging new facts in their response to a motion to dismiss." *In re Qwest Communications Int'l, Inc.*, 396 F. Supp. 2d 1178, 1203 (D. Colo. 2004). And, in any event, "Section 2680(h) does not merely bar claims for assault or battery; in sweeping language it excludes any claim arising out of assault or battery," and is read to cover claims "that sound in negligence but stem from a battery committed by a Government employee." *Hernandez v. United States*, 34 F. Supp. 3d 1168, 1182 (D. Colo. 2014) (quotation omitted).

Defendant acknowledges that Congress created an exception to the intentional torts exception known as the law enforcement proviso, which extends the waiver of sovereign immunity to claims for six intentional torts, including assault and battery, that are based on the acts or omissions of investigative or law enforcement officers. *See* 28 U.S.C. § 2680(h); *Millbrook v. United States*, 569 U.S. 50, 54-55 (2013). The proviso defines "investigative or law enforcement officer" to mean "'any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law.'" *Millbrook*, 569 U.S. at 53 (citing § 2680(h)). Courts in this judicial district have acknowledged that BOP officers have been found to fall within the law enforcement proviso's definition of "investigative or law enforcement officer." *Bridges v. United States*, No. 18-cv-1869-RBJ-SKC, 2019 WL 7289017, at *3

(D. Colo. Aug. 5, 2019), *report and recommendation adopted*, 2019 WL 5884571 (D. Colo. Nov. 12, 2019). But the Court agrees with Defendant that Mr. Adams does not identify any specific BOP officer that tampered with his food and, to the extent that the guilty parties were actually food service staff members, such individuals are not covered by the law enforcement proviso. This action should therefore be dismissed for lack of subject matter jurisdiction.

### Colo. Rev. Stat. § 25-5-403

Finally, the Prisoner Complaint cites sections of the Colorado Food and Drug Act. Defendant argues that any claim premised on this statute must fail under Rule 12(b)(6) because the statute does not provide for a private civil remedy.

Three factors must be considered in determining whether there is a private right of action for violation of a statute or regulation. The factors are (1) whether the plaintiff is within the class of persons intended to be benefited; (2) whether the legislature intended to create a private right of action; and (3) whether an implied civil remedy would be consistent with the purposes of the legislative scheme. *Grizzell v. Hartman Enters., Inc.*, 68 P.3d 551, 555 (Colo. App. 2003). When a claimant asserts that a statute or regulation creates a private right of action, the critical question is whether the legislature intended such a result. *Gerrity Oil & Gas Corp. v. Magness*, 946 P.2d 913, 923 (Colo. 1997). If a legislative act provides no remedies and there is no common law remedy, such as negligence, then a private cause of action may be implied. *Magness*, 946 P.2d at 924. However, when the legislature specifically provides administrative remedies to enforce a statute's provisions, this provision reflects a legislative intent to preclude a private civil remedy for breach of the statutory duty. *Id.*

9

The Colorado statute upon which Mr. Adams' relies neither expressly provides for a private cause of action nor evinces a legislative intent to create a private cause of action; instead, the Colorado Food and Drug Act provides criminal penalties and administrative remedies for its enforcement by the district attorneys and/or the Colorado Department of Public Health and Environment. The Court concurs with Defendant that this indicates a legislative intent to preclude a private right of action.  The Colorado Food and Drug Act cannot serve as a basis for Mr. Adams' FTCA claim.

**Motion to Amend**

Mr. Adams' Motion to Amend does not address any of the deficiencies discussed in this Report and Recommendation. He merely seeks additional relief in the form of more money and transfer to a different facility. Accordingly, the Motion to Amend should be denied as futile. *See Anderson v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 521 F.3d 1278, 1288 (10th Cir. 2008) ("A proposed amendment is futile 'if the complaint, as amended, would be subject to dismissal.'") (quoting *Anderson v. Suiters* , 499 F.3d 1228, 1238 (10th Cir. 2007)).

## RECOMMENDATION

Accordingly, it is hereby **RECOMMENDED** that Defendant's Motion to Dismiss (Dkt. #31) be **GRANTED** and Plaintiff's Motion to Amend Complaint (Dkt. #47) be **DENIED**.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections**

**within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives** *de novo* **review of the recommendation by the District Judge,** *Thomas v. Arn***, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions.** *Makin v. Colo. Dep't of Corr.***, 183 F.3d 1205, 1210 (10th Cir. 1999);** *Talley v. Hesse***, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Dated:   August 12, 2022
          Denver, Colorado

N. Reid. Neureiter
United States Magistrate Judge