IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 21-cv-1970-WJM-NRN

ERIC ADAMS,

    Plaintiff,

v.

UNITED STATES OF AMERICA

    Defendant.

---

**ORDER ADOPTING AS MODIFIED AUGUST 12, 2022,
RECOMMENDATION OF MAGISTRATE JUDGE**

---

This matter is before the Court on the August 12, 2022, Report and Recommendation of United States Magistrate N. Reid Neureiter ("Recommendation") (ECF No. 51) that Defendant's Motion to Dismiss (ECF No. 31) be granted and Plaintiff's Motion to Amend Complaint (ECF No. 47) be denied.  The Recommendation is incorporated herein by reference.  *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

For the reasons explained below, Plaintiff's Objection (ECF Nos. 53, 54, 55) is overruled,[1] and the Recommendation is adopted as modified.

## I. BACKGROUND

The Court incorporates the background section from the Recommendation

---

[1] On the same day he filed his Objection (ECF No. 53), Plaintiff filed a Motion to Amend (ECF No. 54), setting out an additional objection to the Recommendation.  Twelve days later, he filed a second Motion to Amend (ECF No. 55), also setting out an additional objection to the Recommendation.  The Court considers the three filings together in ruling on the Objection.

herein.  (ECF No. 51 at 2–3.)

## II. STANDARD OF REVIEW

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine de novo any part of the magistrate judge's [recommendation] that has been properly objected to."  An objection to a recommendation is properly made if it is both timely and specific.  *United States v. One Parcel of Real Property Known as 2121 East 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996).  An objection is sufficiently specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute."  *Id.*  In conducting its review, "[t]he district court judge may accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions."  *Id.*

## III.  ANALYSIS

### A.    Sur-Replies

Plaintiff first objects to Judge Neureiter's decision not to consider two of his filings: (1) Plaintiff's Reply to Defendant's Reply in Support of Motion to Dismiss (ECF No. 45); and (2) Memorandum in Support of Plaintiff's Response to Defendant's Motion Under 12(b)(1) and (6) (ECF No. 50).  (ECF No. 51 n.1.)  Judge Neureiter disregarded these filings because "the Federal Rules of Civil Procedure do not contemplate the filing of a sur-reply as a matter of right and Mr. Adams did not seek, and was not granted, leave to file either sur-reply."  (*Id.*)

Plaintiff contends the Recommendation's failure to consider his filings was error.  (ECF No. 53 at 2.)  He argues his Memorandum is not a sur-reply because it addresses Defendant's arguments in the Motion to Dismiss, rather than Defendant's reply.  (*Id.*)

Plaintiff concedes that his Reply to Defendant's Reply is a sur-reply but argues the undersigned's Revised Practice Standards ("RPS") permit him to file it as a matter of right. (*Id.* at 3.) In Plaintiff's reading, the RPS permit a sur-reply because Defendant made "new and additional arguments . . . that are not alleged in Plaintiff's complaint." (*Id.*)

Plaintiff is mistaken on both counts. Even when liberally construed, Plaintiff's Memorandum is a sur-reply, regardless of how it is titled. Had Plaintiff merely filed documents related to the Motion to Dismiss that tend to support his position, the Court could construe the Memorandum as additional exhibits; however, the Memorandum contains both argument and its own appended exhibits. (ECF No. 55.) Plaintiff misreads the RPS, which do not permit sur-replies "without prior leave of Court granted for good cause shown." WJM Revised Practice Standards III.L.

Therefore, Plaintiff's first objection is overruled.

B.  **Equitable Tolling & the Continuing Tort Doctrine**

Plaintiff's second objection is again premised on the Recommendation's use of terminology different from that used by Plaintiff in his own filings. Plaintiff argued in response to the Motion to Dismiss that the Federal Tort Claims Act's ("FCTA") statute of limitations should be "waived" by the Court with respect to alleged food tampering that occurred more than two years before the Complaint was filed. (ECF No. 53 at 5.) According to Plaintiff, the Recommendation's liberal interpretation of this argument as a request for equitable tolling or application of the continuing tort doctrine was error. (*Id.*) Plaintiff does not object to the Recommendation's substantive analysis of either doctrine. (*See id.* at 5–6.)

As Judge Neureiter (and Defendant) recognized, Plaintiff's request for the Court

3

to "waive[]" the statute of limitations is an argument for tolling the statute of limitations. (ECF No. 42 at 8–9; ECF No. 51 at 5.) The Court agrees with the Recommendation's well-reasoned tolling analysis. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Credit Suisse (USA) LLC v. Simmonds*, 556 U.S. 221, 227 (2012). The Court agrees with the Recommendation that Plaintiff "makes no showing that 'extraordinary circumstances' prevented him from filing an FTCA action," and "[e]quitable tolling therefore does not apply." (ECF No. 51 at 5–6.)

Judge Neureiter also analyzed Plaintiff's argument under the continuing tort doctrine. (*Id.* at 6–7.) Plaintiff objects that he did not make this argument; rather, he argued the statute of limitations should be "waived." (ECF No. 53 at 5.) The Court finds the continuing tort doctrine is an appropriate theory to analyze Plaintiff's argument that the alleged tampering with his food is "ongoing." (ECF No. 40 at 12.) Further, the Court agrees that the incidents of alleged food tampering, though numerous, are "discrete . . . definite[,] and discoverable injuries" that do not fit within the scope of the continuing tort doctrine. (ECF No. 51 at 6–7.)

Therefore, Plaintiff's second objection is overruled.

**C. Negligence**

The Recommendation finds that Plaintiff's "claim arises out of assault or battery," in agreement with Defendant's argument in the Motion to Dismiss. (ECF No. 51 at 7; ECF No. 31 at 5–8.) Plaintiff asserted in response to the Motion to Dismiss that his claim sounds in negligence. (ECF No. 40 at 6–8.) Plaintiff argues that in making the Recommendation, Judge Neureiter "completely disregarded" his arguments, facts, and

4

authority. (ECF No. 53 at 6–7.) To the extent Plaintiff's objection is that Judge Neureiter did not even consider his arguments, he is mistaken. (*See* ECF No. 51 at 8 ("Mr. Adams argues in his response, incoherently but at length, that he is not actually bringing an intentional tort claim, but one for negligence.").) To the extent Plaintiff's objection is simply that his arguments were rejected, the Court finds no error in the Recommendation. The Recommendation correctly finds that Plaintiff's Complaint alleges his food is being tampered with *intentionally*. (*Id.*; *e.g.*, ECF No. 1 at 5, 7, 16–17.) And because "plaintiffs may not effectively amend their Complaint by alleging new facts in their response to a motion to dismiss," the Recommendation appropriately rejected Plaintiff's attempt to do so. *In re Qwest Commc'ns Int'l, Inc.*, 396 F. Supp. 2d 1178, 1203 (D. Colo. 2004).

Therefore, Plaintiff's third objection is overruled.

**D.    Defendants Other than the United States**

Plaintiff objects that the Recommendation suggests a party other than the United States should be a defendant. (ECF No. 53 at 7.) As best as the Court can tell, Plaintiff's objection is directed at the Recommendation's discussion of the law enforcement proviso. (ECF No. 51 at 8–9.) Under the proviso, sovereign immunity is waived as to "claims for six intentional torts, including assault and battery, that are based on the acts or omissions of investigative or law enforcement officers." (*Id.* at 8.) Judge Neureiter "agree[d] with Defendant that Mr. Adams does not identify any specific BOP officer that tampered with his food and, to the extent that the guilty parties were actually food service staff members, such individuals are not covered by the law enforcement proviso." (*Id.* at 9.) Thus, he recommended dismissing this action for lack of subject-matter jurisdiction. (*Id.*)

Nowhere in this discussion does the Recommendation suggest a party other than the United States should have been named as a defendant. Rather, the Recommendation finds the facts alleged in the Complaint do not support a finding that the United States' sovereign immunity has been waived. (*Id.*)

Plaintiff's objection, however, could be liberally construed as an argument that the Recommendation improperly relies on an argument that Defendant withdrew prior to the May 11, 2022, hearing on the Motion to Dismiss.[2] (ECF No. 43.) While that objection has some merit, it does not change the result. The Court agrees with Defendant that Plaintiff's filings have made clear that the only basis upon which his Complaint is based is the Colorado Food and Drug Act. (ECF No. 56 at 8 (citing ECF No. 1 at 27 and ECF No. 40 at 2–3, 6).) Therefore, the Recommendation's conclusion that any assault or battery claim alleged in the Complaint is barred by sovereign immunity is irrelevant.

Plaintiff's fourth objection is overruled.

**E.     Colorado Food and Drug Act**

Plaintiff objects to the Recommendation's conclusion that the Colorado Food and Drug Act does not provide a private cause of action and, therefore, "cannot serve as a basis for Mr. Adams'[s] FTCA claim." (ECF No. 51 at 10; ECF No. 53 at 7–9.) He argues, without any citation, that Tenth Circuit law is the "opposite" of the analysis and conclusion in the Recommendation. (ECF No. 53 at 8.)

The Court finds no error in the Recommendation's analysis or conclusion. It properly identified that the three factors for determining whether Colorado law provides

---

[2] Plaintiff also makes this objection explicitly in his second Motion to Amend. (ECF No. 55.)

a private right of action for violation of a statute are: "(1) whether the plaintiff is within the class of persons intended to be benefited; (2) whether the legislature intended to create a private right of action; and (3) whether an implied civil remedy would be consistent with the purposes of the legislative scheme." (ECF No. 51 at 9 (citing *Grizzell v. Hartman Enters., Inc.*, 68 P.3d 551, 555 (Colo. App. 2003)).)  And it properly noted that, in the absence of a remedy provided by statute or common law, a private cause of action may be implied.  (*Id.*).  Finally, the Recommendation properly recognized that the existence of both administrative and criminal remedies, but *not* private civil remedies, to enforce the Colorado Food and Drug Act, "indicates a legislative intent to preclude a private right of action."  (*Id.* at 9–10.)

Therefore, Plaintiff's fifth objection is overruled.

**F.     Failure to Consider Facts Newly Alleged in Response Brief**

Plaintiff objects to the Recommendation's failure to consider a factual allegation included for the first time in his response to the Motion to Dismiss.  Plaintiff cites the undersigned's RPS permitting *pro se* parties to include facts not alleged in the Complaint in response to a motion to dismiss.  (ECF No. 54 at 2 (citing WJM Practice Standards III.D.2).)

Assuming the undersigned's RPS do or should bind another judicial officer of this District, the Court finds no reason to disturb the Recommendation.  Even accepting that failing to consider the allegation that Plaintiff discovered "some type of black liquid matter" leaking from an orange in 2022, the Court has already determined that the only statute upon which Plaintiff bases his claim does not provide a private cause of action.

Therefore, Plaintiff's sixth objection is overruled.

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. The Magistrate Judge's Recommendation (ECF No. 51) is ADOPTED AS MODIFIED;

2. Plaintiff's Objection (ECF Nos. 53, 54, 55) is OVERRULED IN PART and SUSTAINED IN PART as set forth above;

3. Defendants' Motion to Dismiss (ECF No. 31) is GRANTED and this case is accordingly DISMISSED WITH PREJUDICE;

4. Plaintiff's Motion to Amend (ECF No. 47) is DENIED;

5. The Clerk shall enter judgment in favor of Defendant and against Plaintiff, and shall terminate this case;

6. All of Plaintiff's other motions (ECF Nos. 57, 58, 59, 60, 62) are DENIED AS MOOT; and

7. The parties shall bear their own costs.

Dated this 8th day of March, 2023.

BY THE COURT:

_____
William J. Martinez
Senior United States District Judge