IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 21-cv-1970-WJM-NRN

ERIC ADAMS,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

---

**ORDER DENYING PLAINTIFF'S MOTION PURSUANT TO RULE 59(e) AND GRANTING REQUEST FOR STATUS UPDATE**

---

Before the Court are Plaintiff Eric Adams's Motion Pursuant to Rule 59(e) ("Rule 59 Motion") (ECF No. 65) and a letter requesting an update on the status of that pending motion ("Request") (ECF No. 66).

For the reasons stated below, the Rule 59 Motion is denied, and the Request is granted.

**I. BACKGROUND**

Plaintiff filed this action on July 19, 2021. (ECF No. 1.) On March 14, 2022, Defendant United States of America filed its Motion to Dismiss. (ECF No. 31.) In addition to filing a response to that motion (ECF No. 40), Plaintiff filed his Motion to Amend Complaint on May 31, 2022 (ECF No. 47). A few weeks later, on August 12, 2022, United States Magistrate Judge N. Reid Neureiter issued his Report and Recommendation on Defendant's Motion to Dismiss and Plaintiff's Motion to Amend Complaint. (ECF No. 51.) On March 8, 2023, the Court issued its Order Adopting as

Modified August 12, 2022, Recommendation of Magistrate Judge (ECF No. 63) and Final Judgment (ECF No. 64).  The Rule 59 Motion followed shortly thereafter.

The Court assumes the parties are familiar with the relevant facts of this action.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 59(e) permits a Court to alter or amend a judgment on timely motion by a party.  "Rule [59(e)] was adopted to make clear that the district court possesses the power to rectify its own mistakes in the period immediately following the entry of judgment."  *White v. N.H. Dep't of Emp't Sec.*, 455 U.S. 445, 450 (1982) (internal quotation marks omitted).  Accordingly, the Court may amend the judgment in its discretion where there has been an intervening change in the controlling law, new evidence that was previously unavailable has come to light, or the Court sees a need to correct clear error or prevent manifest injustice.  *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *see also Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020) ("[C]ourts will not address new arguments or evidence that the moving party could have raised before the decision issued.").  Nor can a party invoke Rule 59(e) to "elaborate on arguments already decided."  *Nelson v. City of Albuquerque*, 921 F.3d 925, 929–30 (10th Cir. 2019).

## III. ANALYSIS

Plaintiff argues he is entitled to an amended judgment because the Court made a clear "error of law and fact" in its Order adopting the Recommendation as modified. (ECF No. 65 at 2.)  Specifically, he contends that it was error for the Court to deny ECF Nos. 57, 59, 60, and 62 as moot after it concluded that his complaint should be dismissed.  (ECF No. 65 at 2–4.)  Those filings were (1) a motion for relief from Judge

Neureiter's Order (ECF No. 49) denying Plaintiff's Motion that the Court Cause the Clerk to Enter Default Judgment (ECF No. 57) and (2) additional filings related to that motion (ECF Nos. 59, 60, 62) (altogether, "Rule 60(b) Motion").

In Plaintiff's view, either Judge Neureiter in the Recommendation or the undersigned in the Court's Order adopting the Recommendation as modified were required to separately address Plaintiff's Rule 60(b) Motion.  But that is not so.  Setting aside the fact that Judge Neureiter's Order is unquestionably correct on the merits[1], Plaintiff provides no support whatsoever for the assertion that the Court was required to rule on the Rule 60(b) Motion despite that fact that this action has been dismissed for failure to state a claim.  (*See* ECF No. 65 at 2–4.)  Nor apparently does he appreciate that Judge Neureiter's refusal to issue default judgment against a defendant that has not defaulted is not itself a judgment.  (*See id.* (asserting that his motion for relief from Judge Neureiter's Order "contest[ed] a final judgment").)  The Court denied Plaintiff's Rule 60(b) Motion as moot because it was, in fact, moot.  Plaintiff cannot obtain default judgment on a complaint that has been dismissed in an action that has been terminated.

---

[1] The Judge Neureiter's Order, in relevant part, is reproduced below:

> Minute ORDER by Magistrate Judge N. Reid Neureiter on 2 June 2022.  It is hereby ORDERED that Plaintiff's Motion that the Court Cause the Clerk to Enter Default Judgment (Dkt. # 35) and Motion Requesting that the Court Respond to Plaintiff's Motion that the Court Cause the Clerk to Enter Default Judgment (Dkt. # 46) are DENIED.  The Clerk twice appropriately declined to enter default judgment against Defendant United States; the first time because the deadline for Defendant to file its motion to dismiss had not expired (see Dkt. # 34), and then because Defendant had filed its Motion to Dismiss (Dkt. # 31) within the time frame provided by the Court (see Dkt. ## 28, 34).  Accordingly, the Court will not order the Clerk to enter default against Defendant.

(ECF No. 49.)

(*See* ECF No. 63 at 8 ("[T]his case is accordingly DISMISSED WITH PREJUDICE[.]"); ECF No. 64 ("[I]t is FURTHER ORDERED that this case is terminated.").)

For these reasons, the Rule 59 Motion (ECF No. 65) is DENIED.  Further, because this Order updates Plaintiff on the status of the Rule 59 Motion, the Request (ECF No. 66) is GRANTED.

Dated this 10th day of January, 2024.

BY THE COURT:

_____
William J. Martínez
Senior United States District Judge